09-1320-cv
Young v. Benjamin Dev. Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of October, two thousand ten.

PRESENT:

> DENNIS JACOBS,
> > Chief Judge,
> WILFRED FEINBERG,
> JOSÉ A. CABRANES,
> > Circuit Judges.

---

NELSON YOUNG,

> Plaintiff-Appellant,

> -v.-                                                09-1320-cv

BENJAMIN DEVELOPMENT INC.,
ALLTERTON ASSOCIATES HOUSING COMPLEX,

> Defendants-Appellees.

---

FOR APPELLANT:          Nelson Young, pro se, Bronx, NY.

FOR APPELLEES:          Stuart Weinberger, Goldberg & Weinberger, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, J.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Nelson Young appeals, pro se, the judgment of the district court granting summary judgment in favor of Allerton Associates Housing Complex and Benjamin Development Inc.[1] Young argues that the district court erred in dismissing his employment discrimination claim under the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's order granting summary judgment. Graves v. Finch Pruyn & Co., 457 F.3d 181, 183 (2d Cir. 2006). In so doing, we construe the evidence in the light most favorable to Young and ask "whether there is a genuine issue as to any material fact" and whether Allerton and Benjamin Development are "entitled to judgment as a matter of law." Id.

Having conducted a thorough and independent review of the record on appeal, we conclude that the grant of summary judgment in favor of Allerton and Benjamin Development was proper.[2] As the district court ruled, Young failed to make

_____

[1] Young alleged before the district court that he was jointly employed by Allerton and Benjamin Development. Benjamin Development denied this allegation and maintained that it was not a proper party to this action. In light of the lower court's disposition, it declined to resolve this dispute. Like the district court, we find this issue to be immaterial to our decision and decline to address it.

[2] To the extent that Young raises claims before this Court that were not advanced below, we decline to consider these claims. See Singleton v. Wulff, 428 U.S. 106, 120 (1976) (stating that "[i]t is the general rule . . . that a federal appellate court does not consider an issue not passed upon below."). Furthermore, "our jurisdiction is

out a prima facie case of discrimination under the ADA. See Shannon v. N.Y.C. Transit Auth., 332 F.3d 95, 99 (2d Cir. 2003). However, even assuming, arguendo, that Young established a prima facie case of discrimination, his claim must fail. Defendants offered "legitimate nondiscriminatory reason[s]" for his termination and Young can point to no evidence "that reasonably supports a finding of prohibited discrimination." Spiegel v. Schulmann, 604 F.3d 72, 80 (2d Cir. 2010).

Young maintains that the district court erred by granting summary judgment without allowing him an opportunity for discovery. "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000). Nonetheless, we conclude that the district court committed no error in this case because Young failed to file an affidavit setting forth the essential facts he sought to discover. Fed. R. Civ. P. 56(f). "[T]he failure to file an affidavit under Rule 56(f) is itself grounds to reject a claim that the opportunity for discovery was inadequate." Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994).

Even if Young had been granted the discovery he sought, it would not have changed the outcome of this matter. When the district court asked what evidence Young hoped to present if discovery were permitted, Young indicated that he would submit evidence regarding the deterioration in his health subsequent to his termination. Such evidence could not have aided Young in establishing a prima facie case or in rebutting defendants' proffered legitimate, nondiscriminatory reasons for his termination. Accordingly, it cannot be said that Young was "railroaded into his offer of proof in opposition to summary judgment." Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989) (internal quotation marks omitted).

---

limited by the wording of . . . [Young's] notice [of appeal]." New Phone Co. v. City of New York, 498 F.3d 127, 130 (2d Cir. 2007). We lack jurisdiction over those claims raised by Young that were not included in his notice of appeal.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, CLERK